**UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF KENTUCKY**
**AT LONDON**
Case No. _____

C.B. by and through her next
friends, her parents Z.B. and A.B.                                    **PLAINTIFF**

V.                                              **COMPLAINT**

BOARD OF EDUCATION OF
PULASKI COUNTY                                                      **DEFENDANT**

### INTRODUCTION

1.      This is a Complaint seeking relief for the minor Plaintiff for the denial of her rights under

        29 U.S.C. § 794 (more commonly know as §504);  The Americans with Disabilities Act;

        and KRS 344.130 and KRS 344.280.  This Court has jurisdiction of this action pursuant

        to Title 28 U.S.C. § 1343.

### PARTIES

2.      At all times relevant the Plaintiff C.B. is a resident of Somerset, Pulaski County

        Kentucky.

3.      The Plaintiff is a qualified individual with a disability as defined by §504 and the

        Americans with Disabilities Act.

4.      The Defendant Board of Education of Pulaski County Kentucky is a body politic that can

        be sued or sue in their own name pursuant to KRS 160.168.

5.      The Plaintiff C.B. has been enrolled in Pulaski County Schools since she was five (5)

        years old.

6.      In the academic year 2017-2018 the Plaintiff began to have panic attacks.

7.   The suggestion was made to the Plaintiff's parents by Stacy Fancannon, spouse of the JROTC Instructor, that a service animal may assist C.B.   Ms. Fancannon also utilizes a service animal.

8.   In Spring 2018 the Plaintiff's parents discussed the Plaintiff's need for a service dog with administrators at Pulaski County High School.

9.   The Plaintiff's parents were told by school officials, Specifically, the two assistant vice principals, that all C.B. would need to have the use of a service animal at Pulaski County High School was a doctor's statement and a §504 plan.

10.   The Principal also mentioned that C.B. may need a §504 plan.

11.   The Plaintiff's parents were unaware of what a §504 plan meant.

12.   The Plaintiff acquired a service dog in the Summer, 2018.

13.   Approximately two (2) weeks prior to school the parents contacted Pulaski County High School and stated that C.B. had a service dog and would be bringing it to school.

14.   The Plaintiff's parents were again told by the school officials that all was required was a doctor's statement and a §504 to allow C.B. to bring her service dog to the school.

15.   The Pulaski High School Principal McAninch  then contacted the Plaintiff's parents and started asking questions about the Service Animal.

16.   After the call from Principal McAninch the child's parents printed information from the ADA website and provided it to the Administration of Pulaski County High School.

17.   The Plaintiff's parents contacted Principal McAninch before the open house of Pulaski County High School for the Academic School Year of 2018-2019.

18.   The Plaintiff's parents were told that the Plaintiff's service dog would not be allowed on school property until the Board of Education of Pulaski County approved the request.

19. Because the request for a sevice animal was not yet approved, the Plaintiff could not obtain her school schedule.

20. Soon thereafter the Plaintiff's parents received a call from Defendant Pulaski County Schools Special Education Department.

21. The Special Education Department employee inquired as to what function the service dog performed for the Plaintiff.

22. The Plaintiff's parents explained that the dog provides assistance when the child is having an anxiety episode.

23. The Special Ed employee then discussed about whether the Plaintiff C.B. would be eligible for a § 504 plan or an IEP.

24. The Plaintiff's parents were later notified that C.B. would not be allowed to bring the service dog to school.

25. The Plaintiff's parents were told that the Defendant believed that the dog was an emotional support animal not a service animal.

26. As a result of the Defendant's denial to allow the Plaintiff to have her service dog at school, she was unable to attend Pulaski County High School.

27. The Plaintiff was forced to enroll in Rockcastle County Schools which has allowed the Plaintiff to have the Service Dog and provided accommodations for the Plaintiff.

28. While at Pulaski County High School the Plaintiff was active in JROTC and the Pulaski County Marching Band.

29. Due to the Defendant's failure to accommodate the Plaintiff and her service animal, she no longer has the same opportunities.

## COUNT I

### 29 U.S.C. § 794
*(more commonly known as*
*§504 of the Rehabilitation Act)*

30.   The Plaintiff incorporates paragraphs 1-29 by reference.

31.   §504 of the Rehabilitation Act protects qualified individuals with a disability from discrimination in the terms and conditions of their education.

32.   As a recipient of federal monies, the Defendant Board of Education of Pulaski County Kentucky is obligated to comply with §504.

33.   The Defendant failed to address the Plaintiff's disability and to provide her the accommodations which would have allowed her to attend her home school Pulaski County High School.

34.   As a result of the Defendant's discriminatory conduct in violation of §504 the Plaintiff has been harmed which demands compensation.

## COUNT II

### American's with Disabilities Act
*(hereinafter "ADA")*

35.   The Plaintiff incorporates paragraphs 1-34 by reference.

36.   The ADA prohibits discrimination against qualified individuals with a disability.

37.   The Plaintiff is a qualified individual with a disability and is protected by the provisions of the ADA.

38.   The Board of Education of Pulaski County is an entity covered under Title II of the ADA.

39.   As an entity covered under Title II of the ADA the Defendant Board cannot discriminate against a qualified individual with a disability in their services.

4

40.   The Defendant Board of Education of Pulaski County denied the Plaintiff equal opportunity to attend Pulaski County High School solely due to her disability.

41.   The Defendant Board of Education of Pulaski County High School failed to engage in an interaction process through either development of a § 504 plan or an accommodation plan that would allow the Plaintiff to attend Pulaski County High School.

42.   The Defendant's failure to make any attempt to accommodate the Plaintiff deprived her of educational opportunities solely due to her disability.

43.   The Defendant violated the ADA and the Defendant's discriminatory acts has caused the Plaintiff harm which demands compensation.

## COUNT III

### KRS  344.130

44.   The Plaintiff incorporates paragraphs 1-43 by reference.

45.   KRS 344.130 prohibits discrimination by a public accommodation due to one's disability.

46.   The Defendant Board of Education of Pulaski County is a public accommodation as defined by KRS 344.130.

47.   The Defendant Board of Education of Pulaski County denied the Plaintiff the equal enjoyment of the facilities and programs at Pulaski County High School solely due to her disability.

48.   The Defendant Board of Education of Pulaski County violated KRS 344.130.

49.   As a result of the Defendant's discriminatory conduct the Plaintiff has suffered embarrassment and humiliation and loss of educational opportunities.

WHEREFORE, the Plaintiff prays:

1.      The Court assume jurisdiction over her Complaint.

2.      The Court find that the Defendant violated its legal obligations under 29 U.S.C. § 794.

3.      The Court find that the Defendant violated its legal obligations under the American's with Disabilities Act.

4.      The Court find that the Defendant violated its legal obligation under KRS 344.130.

5.      The Court Award the Plaintiff compensatory damages as well as damages for embarrassment and humiliation.

6.      The Court award the Plaintiff reasonable attorney fees and costs of this action.

7.      The Court summons a jury to address all issues raised in the Plaintiff's Complaint.

8.      The Court award the Plaintiff any and all equitable or legal relief she may be entitled.


                                        Respectfully Submitted,


                                        */s./ Edward E. Dove*
                                        EDWARD E. DOVE
                                        201 W. SHORT ST
                                        SUITE 300
                                        LEXINGTON, KY 40507
                                        (859) 252-0020
                                        (859) 258-9288 (Fax)
                                        *eddove@windstream.net*

6